I2PARRO, Judge.
The defendant, Blaine Allen Valdetero, was charged by grand jury indictment with first degree murder, in violation of LSA-R.S. 14:30. He pled not guilty and, after trial by jury, was found guilty as charged. However, the jury was unable to agree upon a sentence. Thereafter, the trial court imposed a sentence of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant has appealed, alleging three assignments of error, as follows:
1. The trial court erred in refusing to allow the defense to call two witnesses who were granted immunity by the State.
2. The trial court erred in refusing to allow the grants of immunity into evidence.
3. The trial court erred in accepting a verdict not supported by sufficient evidence.
Assignment of error number 3 was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.

FACTS

Sometime during the early morning hours of September 6, 1991, the defendant murdered the victim, Alvin Poehe. The murder took place in the victim’s apartment on Azalea Park Drive in Baton Rouge. The defendant shot the victim in the chest at close range with a 12 gauge shotgun. Money and jewelry were taken from the apartment.
The defendant was arrested shortly after the murder. He gave a tape-recorded confession in which he indicated that he had murdered the victim in a contract killing for which he had been paid $10,000. He stated that a friend, Travis Ballard, drove him to the victim’s apartment.
Several months later, the defendant made a different tape-recorded confession. In this version of the shooting, he indicated that the victim was a cocaine dealer. The defendant’s girlfriend, Sonya Simmons, had given some of her jewelry to the victim in exchange for cocaine. The defendant explained that he shot the victim in order to retrieve his girlfriend’s jewelry and because the victim had made sexual advances to Ms. Simmons by indicating that he would give her cocaine in exchange for sex. In this version of the crime, Ms. Simmons accompanied the defendant to the victim’s apartment, and after the defendant shot the victim, Ms. Simmons recovered her jewelry and took a small amount 13of cocaine.
While in jail, the defendant made an incul-patory statement about the murder to a fellow inmate, Henry Grayson. The defendant informed Grayson that he had shot the victim in order to retrieve his girlfriend’s jewelry and that if he had it to do over again, he would shoot the victim again. The defendant did not mention to Grayson whether or not anyone was with him when he shot the victim.
However, in a letter written from jail to Henry Grayson’s sister, Crystal Triplett, the defendant indicated that his girlfriend, Sonya Simmons, actually committed the murder and that he had only covered for her. In the letter, the defendant asked Crystal to get together with her friends, get their “stories straight,” and call his lawyer to tell him that Ms. Simmons actually committed the murder.
At the trial, after the State rested its case, the defendant testified as the only defense witness. He again indicated that he killed the victim. He explained that that portion of his first confession in which he claimed the murder was a contract killing was a lie. He also admitted that he had lied to Crystal in the letter written from jail. According to the defendant, he had indicated in the letter that Sonya Simmons committed the murder only *1050 because he was mad at Ms. Simmons at the time it was written.

ASSIGNMENTS OF ERROR NOS. ONE AND TWO

In the first assignment of error, the defendant contends that the trial court erred in refusing to allow the defense to call two witnesses who were granted immunity by the State. In the second assignment of error, the defendant contends that the trial court erred in refusing to allow the grants of immunity into evidence.
To some extent, Travis Ballard and Sonya Simmons were implicated in the instant murder. Originally, Ballard was named as a co-defendant in the same indictment as the defendant. Ms. Simmons apparently was charged in a separate indictment, although it is not contained in the instant record. On April 8, 1993, Ballard and Simmons were granted immunity by the Attorney General and the East Baton Rouge Parish District Attorney in exchange for their testimony against the defendant. These grants of immunity were approved by the trial court. See LSA-C.Cr.P. art. 439.1. On July 9,1993, the prosecutor amended the instant indictment by deleting the first degree murder charge Lagainst Ballard and charging him with accessory after the fact to first degree murder and simple burglary.
At the trial, these two witnesses were not called to testify by the prosecution. When the State rested its case, the defense indicated its intention to call Ballard and Simmons under the grants of immunity. The prosecutor objected. The defense attorneys argued that the defendant had a constitutional right to present a defense and alleged that the State had created the present situation by charging these witnesses with criminal conduct and then granting them immunity from prosecution in exchange for their trial testimony. The defense contended that the witnesses would provide exculpatory information, i.e., who was present at the scene of the shooting and who actually committed the shooting. The defense also intimated that, without calling these two witnesses under their grants of immunity, they would be forced to invoke their privilege against self-mcnmmation and refuse to testify. The defense concluded that the situation was the result of prosecutorial misconduct.
After considering the arguments of counsel and taking a recess to research the issue, the trial court ruled that the witnesses could not be called by the defense under their grants of immunity. The trial court specifically stated that it found no prosecutorial misconduct, i.e., no showing by the defense that Ballard and Simmons were charged with criminal conduct in order to set up a situation in which they would refuse to testify under the Fifth Amendment. Furthermore, the trial court concluded that the defense had not made a showing that the testimony of Ballard and Simmons would tend to exculpate the defendant.
In its brief to this Court, the State cites State v. Mattheson, 407 So.2d 1150, 1160-1161 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983), for the proposition that the defendant could not obtain immunity for a witness. See also State v. Lombard, 486 So.2d 106, 108-109 (La.1986); State v. Edwards, 419 So.2d 881, 891-893 (La.1982). However, the defendant argues in his brief to this Court that State v. Mattheson is distinguishable from the instant situation because the witnesses already had grants of immunity and “[t]he defense was not trying to obtain a grant of immunity.”
The defendant’s argument is not persuasive. The witnesses apparently were Isprovided with use plus derivative use immunity. See State v. Parker, 625 So.2d 1364, 1368 (La.App. 1st Cir.1993), writ denied, 93-2832 (La. 2/25/94), 632 So.2d 761. These immunity agreements were conditional in nature and, as the State correctly observes, if the witnesses provided no testimony, evidence, or other information pursuant to the immunity agreements, then the agreements were no longer effective.
Although the defendant indicated his intent to call Ballard and Simmons as defense witnesses, we note that it never was established on the record that these witnesses, if called to the stand, would have claimed their privilege against self-incrimination and refused to testify. However, the *1051 prosecutor, the defense attorneys, and the trial court apparently assumed that the witnesses would do so. Nevertheless, the trial court correctly ruled that the witnesses could not be called as defense witnesses under the grants of immunity. The cases cited above clearly hold that Louisiana does not recognize defense witness immunity. Our decision is reinforced by the trial court’s specific finding of no prosecutorial misconduct in this situation.
The defendant also contends that the trial court erred in refusing to allow the grants of immunity into evidence. At the conclusion of its case, the defense attempted to introduce into evidence the documents granting immunity to Ballard and Simmons. Citing LSA-R.S. 15:432, the defense argued that, since the State did not call Ballard and Simmons to testify at the trial, it could only be assumed that these witnesses would not have aided the prosecution and the defense should be allowed to argue this point to the jury. The prosecutor objected, noting that it was improper to introduce evidence suggesting that these witnesses would exercise their privilege against self-incrimination. The prosecutor further stated that the documents were irrelevant. The trial court ruled that the grants of immunity were inadmissible “on relevant [sic] grounds.” In his brief to this Court, the defendant argues that the trial court erred in excluding the grants of immunity. The defendant also argues that, based upon this erroneous ruling, the trial court further erred in refusing to include a jury instruction on the legal presumption that evidence in the control of a party and not produced by that party was not produced because it would not have aided him.
l(iLSA-C.E. art. 401 provides:
“Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
LSA-C.E. art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In questions of relevancy, much discretion is vested in the trial court. Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Dixon, 620 So.2d 904, 908 (La.App. 1st Cir.1993).
As noted above, since the immunity agreements were conditioned upon evidence, testimony, or other information being provided by Ballard and Simmons, and since these witnesses were not called to testify by the State at the trial, the immunity agreements were no longer in effect. Therefore, the trial court correctly ruled that the immunity agreements were irrelevant and inadmissible. Even assuming, arguendo, that these immunity agreements had some relevance, we find that their probative value was outweighed by their prejudicial effect. Under the circumstances presented, we find that introducing evidence of the immunity agreements would have prejudiced the State, and we also conclude that introducing evidence of these immunity agreements had the potential of confusing and/or misleading the jury. See LSA-C.E. art. 403. Accordingly, the trial court correctly denied the introduction into evidence of the immunity agreements and correctly refused to give a jury instruction on the legal presumption regarding evidence in the control of a party and not produced by that party.
For the above reasons, these assignments of error are meritless.
CONVICTION AND SENTENCE AFFIRMED.